

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Tom C. King
State Auditor
Austin, Texas

Dear Sir:

Opinion No. O-1660
Re: Power of Board of Regents of
State Teachers' College to
bind college on a lease for
a period longer than appro-
priation term; nature of in-
terest and obligation of
college under ten-year lease.

In your letter of November 6, 1939, you submit for the consideration of this department the following facts:

One of the State Teachers' Colleges, on September 1, 1938, entered into contract whereby it leased a building from its Student Loan Fund corporation, a private corporation, for a term of ten years and at a rental of $60 per month. The contract gives the college the option to purchase the property for a stipulated price plus interest and provides that rentals paid under the contract are to be deducted from the purchase price.

You request our opinion in regard to the following three, quoted questions:

"1. Is the Board of Regents empowered to enter into a lease contract for a longer period than that for which the appropriation, out of which the rental payments are to be made is effective?

"2. As of August 31, 1939, what was the nature of the interest of the college in this property?

"3. What would be the effect of a failure on the part of the college to make any of the payments specified in the lease?"

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Hon. Tom C. King, page 2

The same rules of law which were declared applicable in this department's Opinion No. O-1627 and reiterated in Opinion No. O-1650, are equally applicable to the facts above submitted. Both of these opinions were addressed to you.

You are again respectfully referred to the cases of Charles Scribner's Sons v. Marrs, 114 Tex. 11, 262 S. W. 722 (1924) and Ft. Worth Cavalry Club v. Shephard, 125 Tex. 339, 83 S. W. (2d) 660 (1935), both of which were discussed in the opinion above first cited.

In the Ft. Worth Cavalry Club case, supra, it was specifically held that the Adjutant General had no authority to bind the State on a five-year leasing contract, the court giving as one of its reasons the fact that no appropriation existed beyond a period of two years, and that any obligation payable after the expiration of that period constituted a debt against the State. Such a contract violated both Sec. 49 of Article III, and Section 6 of Article VIII of the State Constitution, the court stated.

In the light of the holding in that case and the declarations of the court in the Charles Scribner's Sons case, supra, it is the opinion of this department that the Board of Regents is not empowered to enter into a lease contract for a longer period than that for which the appropriation, out of which the rental payments are to be made, is effective, and you are so advised. This answers your first question.

The Ft. Worth Cavalry Club case, likewise, supplies the answer to your second question. It was there held that even though the lease was for five years, the state agency became a mere tenant at will. It is the opinion of this department that this is the status of the college as of August 31, 1939, in the instant case, and you are so advised.

As a mere tenant at will, the college would be obligated to pay rentals only for the period of time it chose to occupy the premises. See Hill v. Hunter, (Civ.App.) 157 S. W. 247, Writ of error refused. This answers your third question.

Hon. Tom C. King, page 3

We are attaching a copy of our Opinion No.C-1627 for your convenience.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Robert E. Kepke
Assistant

By Peter Maniscalco
Peter Maniscalco

PM:jm

Encl.

APPROVED FEB 14, 1940

ATTORNEY GENERAL OF TEXAS

